SHAWN N. ANDERSON
United States Attorney
ALBERT S. FLORES, JR.
Assistant United States Attorney
P.O. Box 500377
United States Courthouse, Second Floor
Saipan, MP 96950
TEL:   (670) 236-2980
FAX:   (670) 236-2985

Attorneys for the United States of America

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**YE FANG, a/k/a BATU,**<br><br>Defendant. | Criminal Case No. 1:24-cr-00001<br><br>**UNITED STATES' MOTION TO CONTINUE SENTENCING** |

1  The United States of America, by and through undersigned counsel, hereby moves the

2  Court to continue the sentencing hearing for Defendant, Ye Fang ("Defendant"). Undersigned

3  counsel is aware via representations from Defense counsel that Defendant opposes this motion.

4  Sentencing for Defendant is currently scheduled for January 15, 2025, at 9:00 a.m.

5  However, a jury trial in the matter of *United States v. Xiaojuan Sun et al.*, D. N. Mar. I. Case No.

6  1:22-cr-00015-4, is scheduled to commence the same week.  Undersigned counsel is the lead

7  prosecutor for both of these matters which involves extensive coordination with multiple witnesses

8  traveling to Saipan from the Continental United States and elsewhere.

9  Given the speedy trial clock applies to the jury trial and not the sentencing hearing

10  (*Betterman v. Montana*, 578 U.S. 437, 439 (2016) (holding "that [the Sixth Amendment to the

Government's Motion to Continue Sentencing - 1

U.S. Constitution] guarantee protects the accused from arrest or indictment through trial, but does not apply once a defendant has been found guilty at trial or has pleaded guilty to criminal charges."), this Court should continue the sentencing hearing to abide by the speedy trial clock and because a delay in sentencing does not violate Defendant's due process rights.

"The well-settled test for determining whether a defendant's due process rights have been violated is in two parts." *United States v. Barken*, 412 F.3d 1131, 1134 (9th Cir. 2005). First, "a defendant must prove that he suffered actual, non-speculative prejudice from the delay[.]" *Id*. (quoting *United States v. Doe*, 149 F.3d 945, 948 (9th Cir.1998) (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir.1989)). Second, the delay is weighed against the reasons for it, and the defendant must show that the delay "offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Barken*, 412 F.3d at 1134 (quoting *Doe*, 149 F.3d at 948 (quoting *Sherlock*, 962 F.2d at 1353–54)).

Here, Defendant is held in custody pending sentencing (Defendant has been held in custody since arriving to Saipan by extradition from the Republic of Palau (*see* ECF Nos. 11-1, 14, 15, and 21)), following a guilty plea to a charge that carries a statutory minimum sentence of ten years incarceration. *See* ECF No. 22. Also, the parties stipulated to sentencing guideline calculations equating to a Total Offense Level of 39. *Id*. Even with a Criminal History Category of I, this results in a sentencing guideline range of 262-327 months incarceration.

Thus, the statutory minimum, stipulated sentencing guidelines, and the Initial Presentence Investigative Report (ECF No. 26), provides the Court sufficient insight to reasonably project Defendant is likely to face a multi-year period of incarceration following sentencing. And therefore, a delay in sentencing by one to three months, will not result in Defendant serving additional incarceration time while awaiting sentencing. Weighing the Government's reason for

the continuance with the non-prejudicial effect on Defendant, granting this motion does not violate Defendant's due process rights.

## CONCLUSION

For the reasons stated above, the Government respectfully moves this Court to continue the sentencing in this matter by a period of one to three months. Further, the Government requests to hold a conference or hearing regarding this motion to ascertain a new sentencing date that is amendable to the schedules of both parties and their respective witnesses.

Dated this 27th day of December, 2024.

                    SHAWN N. ANDERSON
                    United States Attorney

By:   /s/ Albert S. Flores, Jr.
       ALBERT S. FLORES, JR.
       Assistant United States Attorney